IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERRY TYRONE HASTY HALIBURTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-521-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jerry Tyrone Hasty Haliburton, TDCJ # 1142541, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURE HISTORY

On December 12, 2002, a jury found Haliburton, a habitual offender, guilty of unlawful possession of a firearm by a felon in Case No. 0826918D in the 372nd District Court of Tarrant

County, Texas, and the trial court assessed his punishment at thirty years' confinement. (State Habeas R. at 148)[1] The Second District Court of Appeals of Texas dismissed Haliburton's appeal and denied his motion for rehearing on June 19, 2003. *Haliburton v. Texas*, No. 2-03-021-CR, slip op. (Tex. App.–Fort Worth Apr. 3, 2003) (not designated for publication). Haliburton did not file a petition for discretionary review in the Texas Court of Criminal Appeals. He filed a state habeas application, raising one or more of the issues raised herein, on August 19, 2004, which was denied without written order by the Texas Court of Criminal Appeals on November 15, 2006.[2] (State Habeas R. at cover, 2) Haliburton received notice of the denial on November 21, 2006. (Resp't Preliminary Resp., Appendix A) He filed this petition on September 4, 2007.[3] As directed, Quarterman has filed a preliminary response addressing only the timeliness of the petition, to which Haliburton filed a reply.

D. ISSUES

Haliburton raises four grounds for habeas relief.

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] "State Habeas R." refers to the record of Haliburton's state habeas application no. WR-65,321-02.

[2] Haliburton also filed a state application for writ of mandamus following his conviction. Leave to file was denied on the same date. *Ex parte Haliburton*, Application No. WR-65,321-01.

[3] In the petition, Haliburton does not indicate the date he placed the petition in the prison mailing system, therefore he is not given the benefit of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A), applicable to this case, Haliburton's conviction became final and the one-year limitations period began on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Haliburton's conviction became final and the one-year limitations period began to run upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on July 19, 2003, and closed on July 19, 2004, absent any tolling.[4] *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Hacker v. Cockrell*, No. 4:02-CV-779-Y, 2003 WL

---

[4]In his reply, Haliburton argues that his conviction became final for purposes of calculating the limitations period on August 28, 2003, the date the appellate court's mandate issued. (Pet'r Rebuttal at 5-18 & Exhibits K & L) The Fifth Circuit, however, has rejected this argument. *See Roberts*, 319 F.3d at 693-95 (holding the issuance of the mandate by the state court of appeals is of no consequence for purposes of § 2244(d)(1)(A)). Further, § 2244(d)(1)(A) looks to when a judgment becomes final, not when the petitioner receives notice or becomes aware that the judgment is final. *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002).

3

21246073, at *3 (N.D. Tex. Feb. 11, 2003) (order).

Haliburton is not entitled to statutory tolling under § 2254(2) because his state habeas application, filed on August 19, 2004, was filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has he asserted a valid reason for his failure to file his petition in a timely manner to justify equitable tolling of the limitations period, and the record reveals none. (Pet'r Rebuttal at 34) Thus, he is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Haliburton's federal petition was due on or before July 19, 2004. His petition filed on September 4, 2007, over three years later, is untimely.

## II. RECOMMENDATION

Haliburton's petition for writ of habeas corpus DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 15, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 15, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 25, 2008.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE